# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 09-30668

OCTAVE FOERSTER SCHULLY, III,

        Plaintiff - Appellee

v.

CONTINENTAL CASUALTY COMPANY; HARTFORD FINANCIAL
SERVICES GROUP INC; HARTFORD LIFE GROUP INSURANCE
COMPANY,

        Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-1456

Before JOLLY and GARZA, Circuit Judges, and MILLER, District Judge.[*]

PER CURIAM:[**]

        In this dispute over long-term disability benefits, the defendants, collectively "the Hartford," appeal the district court's conclusion that the Hartford abused its discretion in denying physical disability benefits to the plaintiff, Octave Foerster Schully, III.  The Hartford also asks us to overturn the

---

[*] District Judge, Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's discretionary grant of attorney's fees under 29 U.S.C. § 1132(g)(1). For the following reasons, we AFFIRM the district court in both respects.

Schully has been suffering from degenerative back disease and mental disorders for over ten years. These problems interfere with his ability to function as an attorney and, in 2003, he applied for disability benefits through his firm's long-term disability plan. His initial claim was granted with respect to his mental disability, but denied with respect to his physical disability. For two years—the maximum time available under his policy—Schully received mental disability benefits. After these benefits terminated he renewed an earlier claim for physical disability benefits. That claim was denied and that denial was maintained through a lengthy administrative appeal process.

In its final administrative review, the Hartford relied on the opinions of three independent experts, each of whom concluded that Schully had not supported his physical limitations and accounts of pain with objective medical evidence, as required under the policy. On the basis of these opinions, the Hartford rejected Schully's treating physicians' conclusions that Schully was disabled, as well as the results of a Functional Capacity Evaluation that concluded Schully was not fit for sedentary work. In making its determination, the Hartford also noted that Schully remained listed as an attorney on his firm website, indicating that he was capable of performing the duties of an attorney. Following this final denial, Schully brought the instant action in federal court.

After reviewing the administrative record, the district court, in an extensive and thoughtful opinion, concluded that the Hartford abused its discretion in denying Schully physical disability benefits. In so concluding, the district court noted that Schully's alleged functional limitations and subjective accounts of pain had been repeatedly corroborated by objective medical evidence. The court found this evidence "overwhelming," and reasoned that both the

2

Hartford and its independent physicians concluded otherwise only by crediting arbitrary or inconclusive evidence. The district court also observed that the Hartford was operating under a conflict of interest that could have had some effect on its decision, and that Schully had qualified for disability benefits from the Social Security Administration, a point that the Hartford had failed to address. Because the Hartford "deliberately ignored overwhelming objective medical evidence" supporting Schully's claims, the district court also saw fit to award Schully attorney's fees.

On appeal, the Hartford has challenged both the conclusion that the Hartford abused its discretion and the award of attorney's fees.

A.

We review the district court's conclusion that the Hartford abused its discretion *de novo*, applying the same standard as the district court. *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008). After reviewing the record and the district court's lengthy but careful and cogent opinion, we find no reversible error in the district court's holdings and its conclusions that reversed the Hartford's denial of benefits to Schully. The district court correctly reasoned that it was an abuse of discretion for the Hartford to base its denial of benefits on the conclusion that Schully's claim was not supported by objective medical evidence.

To be sure, there were lacunas in the Hartford's experts' reports concerning relevant matters to which the plaintiffs' experts opined, which were not explained by the Hartford when denying the plaintiff's claims, as detailed in the district court's opinion. The Hartford also failed to consider Schully's longstanding subjective complaints of pain, which were repeatedly corroborated by the physicians most familiar with his condition and which were consistent with the medical evidence. As we have often explained, there is no treating physician preference in the context of ERISA, but neither may an administrator

*arbitrarily* refuse to credit reliable evidence. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). It surely should not effectively ignore it. Nor may an administrator rely on an expert opinion without considering its basis or whether, as was the case here, it is in plain conflict with the medical records. *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 250 (5th Cir. 2007).

The remainder of the Hartford's challenges to the district court's conclusion are likewise unavailing. To the extent that the district court may have improperly relied on the determination by the Social Security Administration's ALJ that the plaintiff qualified for disability benefits on the basis of his mental disability, that error was harmless in the light of the extensive medical evidence demonstrating a physical disability within the meaning of the policy. Moreover, we believe the district court properly took note of the Hartford's conflict of interest and used it as a factor in its analysis in a manner consistent with *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008). But even if the district court did err by relying on the conflict to apply a less deferential standard of review, that error was harmless.

B.

We review the district court's award of attorney's fees for abuse of discretion. *See Donovan v. Cunningham*, 716 F.2d 1455, 1475 (5th Cir. 1983). After reviewing the district court's opinion, we conclude that the court did not abuse its discretion in awarding attorney's fees. According to the district court, the Hartford "deliberately ignored" Schully's medical evidence in order to support its "preferential and predetermined conclusions." There is significant evidence that supports this finding and such a finding is not clearly erroneous. In such circumstances, a district court does not abuse its discretion by awarding fees under 29 U.S.C. § 1132(g)(1).

For the foregoing reasons, the district court's judgment is AFFIRMED.